O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NO GREY SKY, INC., et al., | ) | Case No. CR 12-09261 SJO (FFMx) |
| Plaintiffs, | ) | **ORDER DENYING DEFENDANT'S MOTION TO DISQUALIFY JUDGE OTERO** |
| v. | ) | [Dkt. No. 6. Referral to DDP at Dkt. No. 8] |
| UNITED STATES DEPARTMENT OF JUSTICE, et al., | ) | |
| Defendants. | ) | |

This matter comes before the court on Alex Lazar's Affidaiat of Prejudice under 28 U.S.C. § 144, which this court interprets as a motion to disqualify Judge Otero. Having reviewed Lazar's submission, the court DENIES the motion and adopts the following order.[1]

28 U.S.C. § 144 is substantively the same as 28 U.S.C. § 455. <u>United States v. Hernandez</u>, 109 F.3d 1450, 1453 (9th Cir. 1997). As the Ninth Circuit has explained:

---

[1] It is unclear to this court whether Lazar has standing to file the instant motion. Lazar's affidavit appears to be filed in an individual capacity, though the affidavit also states that Lazar is the "owner of operation of No Grey Sky Inc., a Plaintiff . . . ." (Affidavit ¶ 2.) The only plaintiff referenced in the complaint is No Grey Sky, Inc. (Complaint ¶ 1.)

> The test under § 455(a) is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. Typically, a judge's partiality must be shown to be based on information from extrajudicial sources, although sometimes, albeit rarely, predispositions developed during the course of a trial will suffice. In the instance where the partiality develops during the course of the proceedings, it can be the basis of recusal only when the judge displays a deep-seated and unequivocal antagonism that would render fair judgment impossible.

F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1144-45 (9th Cir. 2001) (internal quotations and citations omitted).

Lazar asserts that Judge Otero is biased against him by dint of Judge Otero's prior service (1) on the board of a community organization and (2) as a judge of the Los Angeles County Superior Court, as well as by executive policies in place at the time of Judge Otero's appointment to the federal bench. (Mot. ¶¶ 3-4.) No reasonable person could conclude from these assertions that Judge Otero bears a "deep-seated and unequivocal antagonism" toward Plaintiff "that would render fair judgment impossible." F.J. Hanshaw Enters., 244 F.3d at 1144-45. Accordingly, the Motion for Disqualification is DENIED.

IT IS SO ORDERED.

Dated: November 26, 2012

DEAN D. PREGERSON
United States District Judge

2